**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| DOUGLAS ROY SYMMES, JR., Plaintiff, | ) | |
| v. | ) | 1:24-CV-01004 |
| SCOTLAND CORRECTIONAL INSTITUTION, et al., Defendants. | ) | |

ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff previously filed an Application [Doc #1] seeking to proceed in forma pauperis, a Complaint [Doc. #2] and a Motion [Doc #4] seeking an appointment of counsel. The Court subsequently entered an Order [Doc. #5] allowing Plaintiff to proceed in forma pauperis solely for the entry of the Order, denying the Motion seeking an appointment of counsel, and striking the Complaint because it did not comply with Federal Rule of Civil Procedure 8(a)(2) or the Court's prior instructions to Plaintiff given in Symmes v. NC Dept. of Public Safety-DPS, No. 1:22CV225 (M.D.N.C.), regarding the filing of a Complaint.

The Court struck the Complaint without prejudice to Plaintiff filing a proper Complaint in accordance with its prior instructions, which the Court repeated. Specifically, the Court stated that in refiling the Complaint, Plaintiff must first set out and number his proposed claims for relief so that the Court and the Defendants can understand which claims he intends to raise. Then, second, Plaintiff must also provide a brief summary, not to exceed one page in length, describing each claim and the general basis for it. Next, for each named Defendant,

Plaintiff must provide a brief summary, again no longer than one page, stating in plain language how and when he believes that Defendant violated his rights. Finally, the Court instructed Plaintiff that he must provide supporting facts for each of his claims by listing the facts in numbered paragraphs and dividing them by claim. The Court also warned Plaintiff that failure to comply would result in the dismissal of this action without prejudice.

Rather than comply, Plaintiff filed a new Application [Doc. #6] to proceed in forma pauperis and Motion [Doc. # 8] seeking an appointment of counsel, together with a new Complaint [Doc. #7]. Regarding the Application and Motion, the Court will again grant Plaintiff *in forma pauperis* status solely for the purpose of entering this Order. It will also deny the Motion seeking an attorney for the same reasons as set forth in the prior Order. As for the new Complaint, it merely lists thirty-one Defendants, states in conclusory fashion that various of Plaintiff's rights have been violated, and alleges that all Defendants were involved in the violations. The new Complaint does not comply with the Court's earlier instructions to Plaintiff regarding the refiling of Plaintiff's claims in either 1:22CV225, where the Court gave him multiple opportunities to comply with the instructions before dismissing the case, or the present case. Further, and as a result, it is far too conclusory to state any claim for relief. Based on Plaintiff's continued noncompliance with the Court's very clear directions and his failure to file a Complaint sufficient to allow for a proper evaluation of his claims, the undersigned will recommend dismissal of this action without prejudice to Plaintiff filing a new action with a complaint that complies with the Court's prior Orders.

IT IS THEREFORE ORDERED that in forma pauperis status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff

§ 1983 forms, instructions, an application to proceed in forma pauperis, and a copy of pertinent parts of Fed. R. Civ. P. 8 (i.e., Sections (a) & (d)).

IT IS FURTHER ORDERED that Plaintiff's Motion [Doc. #8] seeking appointment of counsel is denied for the same reasons set out in the Court's prior Order [Doc. #5].

IT IS RECOMMENDED that this case be dismissed, but without prejudice to Plaintiff filing a new Complaint in compliance with the guidance provided him by the Court in its prior Orders.

This, the 8th day of October, 2025.

Joi Elizabeth Peake
United States Magistrate Judge